IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Steven Pate | § | CASE NO.  13-80296 |
| | § | (Chapter 13) |
| | § | |

_____
MOTION TO MODIFY CONFIRMED PLAN COMBINED WITH
PLAN MODIFICATION AND NOTICE OF HEARING AND TIME TO OBJECT
_____

January 21, 2014

COMES NOW, Steven Pate and pursuant to 11 U.S.C. § 1329 respectfully proposes the following modification of the Debtor's confirmed plan.

**Notice of Time to Object and Notice of Hearing.**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR OBJECTION  WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS (21) FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

IF AN OBJECTION OR RESPONSE IN OPPOSITION  TO THIS PROPOSED MODIFICATION IS FILED, THEN A HEARING IS SET.  IF AN OBJECTION IS NOT FILED WITHIN 21 DAYS FROM THE SERVICE OF THIS MOTION, THE COURT MAY CONSIDER THIS MOTION WITHOUT THE NECESSITY OF A HEARING.

**DEBTOR(S)' MOTION TO MODIFY CONFIRMED PLAN**

The Debtor(s) file this Motion to Modify their confirmed plan.

1. **HISTORY OF CASE**.  This case was filed on 7/24/2013.  The plan was confirmed on October 11, 2013.  The plan has not been modified before this current proposed modification.

2. **REASON FOR MODIFICATION**. To provide for secured claim of JPMorgan Chase Bank in the arrearage amount of $48,079.40 and ongoing mortgage payments in the amount of $1,881.78.

3. **PLAN PAYMENTS.**  The current plan (as modified through this date) requires payments as follows:

    a. Months:1-12           Payment: $2,660.00
    b. Months:13-60          Payment: $2,685.00

4. **PAYMENTS PREVIOUSLY MADE.**  As of the date this motion was filed, the Debtor(s) have made payments to the chapter 13 trustee totaling $13,300.00 Attached as Exhibit "A" is a schedule of all amounts received by the chapter 13 trustee.

5. **FUTURE PROPOSED PLAN PAYMENTS(AS MODIFIED).**  The proposed modified plan requires future payments as follows:

    A. Months:1 through 6    Payment:$2,660.00
    B. Months:7 through 60   Payment:$3,195.00

6. **CURRENT DEFAULTS.**  The Debtor(s) are currently not in default on payments to the chapter 13 trustee as follows:

    Dollar amount in default:        $0.00
    Number of months in default:     N/A
    Last payment made:               January 17, 2014
    Amount of last payment:          $2,610.00

7. **PROPOSED PLAN MODIFICATIONS**:

    a. All payment defaults set forth in paragraph 3 are cured by this modification.
    b. Future payments to the chapter 13 trustee shall be in the amount set forth on the attached exhibit "A".
    c. The Secured claim of JP Morgan Chase Bank has been properly provided for in the arrearage amount of $48,079.40. Ongoing mortgage payments have been provided for in the amount of $1,881.78

8. **INTERIM PAYMENTS**.  Payments due under this modification will commence on the first due date after this modification is filed, whether or not the modification has yet been approved by the Court.

9. **BUDGET.** The Debtor's schedules "I" and "J" that the Debtor(s) request to be considered with this modification are attached as exhibit "B".

10. **ATTORNEYS' FEES**

_____ Debtor(s)' counsel shall be paid $450.00 as a fixed fee for this modification.  This box may not be checked if the modification was proposed within 120 days of the date on which the plan was confirmed.

_____ If Debtor(s) counsel seeks compensation, a separate application will be filed.  If no application is filed, no compensation will be paid.

**WHEREFORE, PREMISES CONSIDERED**, the plan modification proponent respectfully prays that this Court approve this Motion to Modify the confirmed plan, and grant such further relief, both in equity and at law, to which Movant may be entitled.

Respectfully submitted,

*/s/ Michael Sharp*
Michael Sharp  TBA 00791641  FAN 18751
POB 1442
Friendswood, TX 77549-1442
Tel.: 281.996.8997   Fax: 281.996.1780
Attorney for Debtor

I (we) declare under penalty of perjury that the Modified Plan provisions herein represent the terms of the plan proposed by Debtor(s) for confirmation with respect to treatment of all creditors and the distribution by the Chapter 13 Trustee.

*Dated:*   January 21, 2014          */s/ Steven Pate*
                                      Debtor

## CERTIFICATE OF SERVICE

   I certify that on January 21, 2014 a true and correct copy of this Motion for Modification of Plan After Confirmation was served by regular U.S. Mail, postage prepaid and/or by electronic or facsimile transmission on the Debtor, U.S. Trustee, Chapter 13 Trustee and all creditors as specified on the attached Service List.

                  */s/ Michael Sharp*
                  Michael Sharp, Attorney for Debtor

| **United States Trustee** | **Chapter 13 Trustee** | **Debtor** |
|---|---|---|
| United States Trustee | William E. Heitkamp | Pate, Steven |
| 515  Rusk  #3516 | 9821 Katy Freeway, Suite 590 | 208 Garden Dr. |
| Houston, TX 77002 | Houston, TX  77024 | Friendswood, TX 77546 |

**Creditors and parties-in-interest:**

Codilis & Stawiarski
650 N. Sam Houston Parkway East, Suite 450
Houston, TX 77060

JP Morgan Chase Bank
Attn: Correspondence Mail
700 Kansas Lane
Mail Code LA4-5555
Monroe, LA 71203

JP Morgan Chase Bank
Attn: OH4-7142
3415 Vision Drive
Columbus, OH 43219